UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLORIA J. GEIGUS           :
                                                  :
       v.                            :        C.A. No. 14-318ML
                                                  :
JAMES AND JUDITH         :
BERGSTRESSER, and UNITED :
STATES POSTAL SERVICE    :
EMPLOYEES                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for review is Plaintiff's <u>pro se</u> Complaint and her Application to Proceed Without Prepayment of the $400.00 civil case filing fee. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a civil lawsuit without prepayment of the filing fee if the plaintiff demonstrates an inability to pay. Plaintiff here has not shown an inability to pay. While she reports that she is presently unemployed, she discloses $2,400.00 in cash on hand, no debt and only $150.00 in monthly expenses. <u>See</u> Document No. 2.

In addition, even if the Court found that Plaintiff had shown an inability to pay, her <u>pro se</u> Complaint is subject to initial screening and dismissal as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint is confusing and does not appear to state any comprehensible and legally viable claims. It appears that she is claiming that her relatives and/or postal service employees acted "fraudulently and dishonestly" to intentionally delay the delivery to her of some sort of notice or invitation sent to her by mail causing her to miss some unspecified event. She alleges that this "Federal Tort" occurred in July 2008 and caused "harm wrong and damage to personal relationships to sever and cause irreparable and permanent damage to evoke estrangement." On her Civil Cover

Sheet, she demands $67,691.00 but her Complaint offers no legal or factual allegations to support such an award of money damages.

For the foregoing reasons, I recommend that Plaintiff's application to Proceed Without Prepayment of the $400.00 Civil Case Filing Fee be DENIED and that the Court dismiss this Complaint without prejudice if the filing fee is not paid within thirty days. Alternatively, I recommend that the Court exercise its discretionary authority under 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss this Complaint with prejudice as frivolous.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 16, 2014