UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLORIA J. GEIGUS :
:
v. : C.A. No. 14-318ML
:
JAMES AND JUDITH :
BERGSTRESSER and UNITED :
STATES POSTAL SERVICE :
EMPLOYEES :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff Gloria Geigus' Application to Proceed Without Repayment of Fees and Affidavit. (Document No. 8). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Application.

Plaintiff, proceeding pro se, has been granted leave to proceed IFP in this action. Plaintiff's Application attempted to state a "Federal Tort" which she claims occurred in July 2008. The Complaint is based on her allegation that her relatives and/or postal service employees acted "fraudulently and dishonestly" to intentionally delay the delivery to her of some sort of notice or invitation sent to her by mail causing her to miss some unspecified event. Judge Lisi issued a Memorandum and Order on August 11, 2014 dismissing the Complaint because it was frivolous and failed to state a claim on which relief may be granted. (Document No. 5).

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal in forma pauperis. Although Plaintiff filed an Application seeking pauper status in satisfaction of Fed. R. App. P. 24(a)(1)(A), she failed to satisfy the requirements of Fed. R. App. P. 24(a)(1)(B) or (a)(1)(C) which require that she claim an entitlement to redress and state the issues she intends to present on appeal. Because she has failed to comply with these procedural requirements,

I recommend her Application be DENIED.

In addition to failing to properly present her Application, Plaintiff is also barred from pursuing her appeal in forma pauperis because her appeal is without merit. Plaintiff's right to appeal in forma pauperis is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's attempt to appeal to the First Circuit Court of Appeals presents no cognizable legal theories or factual allegations with merit. Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Application. (Document No. 8).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 12, 2014